UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:14-cv-301-Orl-36GJK

ROSEMARY D. HARVEY TRUST
DATED SEPTEMBER 27, 1997,

    Plaintiff,

vs.

DELAWARE AMERICAN LIFE
INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS COUNT III OF AMENDED COMPLAINT

Defendant, Delaware American Life Insurance Company ("Delaware American"), by and through its undersigned counsel, hereby moves to dismiss Count III (declaratory relief) of the Amended Complaint. The cause of action for declaratory relief should be dismissed because it is duplicative of the relief sought in the breach of contract claims contained in the complaint, and therefore is unnecessary. In further support, Delaware American states as follows.

This case involves a dispute with respect to whether a life insurance policy was in force at the time of the insured's death, even though the required premiums had not been paid to keep the policy in force. In the amended complaint, Plaintiff alleges that that Delaware American failed to properly notify the policy owner of the pending lapse of the policy, and thereafter improperly terminated the insurance policy. Because the insured has died, the policy proceeds are purportedly due and owing to Plaintiff. See Amended Complaint as ¶¶ 6-23.

Based upon these allegations, Plaintiff attempts to set forth three causes of action – Count I for breach of contract; Count II for anticipatory repudiation of contract; and Count III for

declaratory relief. In essence, Counts I and II seek to recover for Delaware American's purported breach of the insurance policy due to its refusal to pay the death benefits of the policy, while Count III seeks to have this Court declare that Delaware American has breached insurance contract by refusing to pay the death benefits.

Courts have consistently held that "a trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." McIntosh v. Harbour Club Villas, 468 So. 2d 1075, 1080-81 (Fla. 3d DCA 1985) (Nesbitt, J. specially concurring) (noting that "[r]esolution of the issues in [the] pending counts [for breach of contract] will provide the plaintiffs with full, adequate and complete relief"); Taylor v. Cooper, 60 So. 2d 534, 535 (Fla. 1952) ("[I]f at the time the proceeding for declaratory decree is initiated a suit is already pending which involves the same issues and in which litigation the plaintiff in the declaratory decree may secure full, adequate and complete relief, such bill for declaratory relief will not be permitted to stand"); accord Fernando Grinberg Trust Success Int. Properties, LLC. v. Scottsdale Ins. Co., 2010 WL 2510662 *1-2 (S.D. Fla. June 21, 2010) (dismissing claim for declaratory judgment where the determination of breach of contract claim involved the same factual dispute as the declaratory judgment claim such that the "claim for declaratory judgment is subsumed within its claim for breach of contract").

In analyzing whether to dismiss a declaratory relief claim pled with a breach of contract claim, courts are guided by two general concerns: (1) the completeness of the relief afforded to a party when it prevails on its breach of contract claim and (2) judicial economy. See Kenneth F. Hackett & Assoc. v. GE Capital Information Tech., 744 F. Supp. 2d 1305 (S.D. Fla. 2010). "The first consideration is whether additional benefits are available to a plaintiff through declaratory relief, which cannot be secured by a favorable ruling on its breach of contract claim. The

judicial economy analysis asks whether the declaratory relief so overlaps the breach of contract claim as to be wholly subsumed by it, making litigation on the declaratory claim inefficient and unnecessary." Id. at 1310.

With respect to the first factor, if Plaintiff prevails on its breach of contract claim, it will receive all monies that are purportedly due to it under the terms of the insurance policy. With respect to the second factor, Plaintiff is asking the Court to declare that the policy was in force as of the date of the insured's death and to determine the amount of the death benefits payable to Plaintiff. This is the identical determination that the Court must make when deciding whether Delaware American breached the policies. As a result, the declaratory relief claim is wholly subsumed by the breach of contract claim, warranting its dismissal under Fed. R. Civ. P. 12(b)(6) and/or 12(f).[1] See, e.g., Eisenberg v. Standard Ins. Co., 2009 WL 3667086 (S.D. Fla. 2009) (dismissing count for declaratory relief because the contractual interpretation inherent to plaintiff's breach of contract claim would resolve the request for declaratory judgment and also bind the parties as a matter of collateral estoppel); Fernando Grinberg, 2010 WL 2510662 (dismissing claim for declaratory judgment because it involved the "same factual dispute" as, and was entirely subsumed by, the breach of contract claim).

**WHEREFORE,** Delaware American respectfully requests that the Court enter an order dismissing Count III from the amended complaint, and awarding any further relief that it deems appropriate.

---

[1] Rule 12(f) allows the Court to strike any "redundant" matter from the pleadings.

Respectfully submitted,

**AKERMAN LLP**
Attorneys for Defendant
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095


By: /s Gary J. Guzzi
    Gary J. Guzzi, Esq.
    Florida Bar Number: 159440
    Primary e-mail: gary.guzzi@akerman.com
    Secondary e-mail: maria.revoredo@akerman.com
    Ross E. Linzer
    Florida Bar Number: 73094
    Primary e-mail: ross.linzer@akerman.com
    Secondary e-mail: jill.parnes@akerman.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of March, 2014, a true and correct copy of the foregoing was filed with the Court's CM/ECF system, which will serve an electronic notice of filing upon: rsikes@rsikes.com mduvall@rsikes.com Ronald W. Sikes, Esq., 310 South Dillard Street, Suite 120, Winter Garden, FL 34787.

    s/ Gary J. Guzzi
    Attorney